IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICO TOMAZ,

        Plaintiff,                             No. CIV S-05-2432 MCE GGH P

        vs.

YOLO COUNTY SHERIFF'S DEPARTMENT, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

/

        By order filed on March 24, 2006, plaintiff was ordered to show cause, within thirty days, why defendant City of West Sacramento's insurance carrier should not be dismissed as an individually named defendant from this case as unnecessary and, further, to show any separate colorable grounds for suing the carrier. Plaintiff was cautioned that failure to show cause would result in a recommendation that this entity be dismissed as a defendant in this action.

        Plaintiff has responded and asserted that the insurance carrier, GAB Robbins, failed to investigate his complaints of assault against a West Sacramento Police Officer, which he made from a Yolo County jail, contending that insurance carriers have a duty/legal obligation to take eyewitness statements and interview police officers involved in an assault and to determine if a police officer accused of assault has any previous record of assaults or infractions.

1

1    Plaintiff has provided no basis for his claim that the insurance carrier for a police
2 officer who allegedly assaulted him has any duty to plaintiff, an uninsured claimant, once he files
3 an administrative grievance against the officer. Any duty to defend or represent an insured, in this
4 case, the accused officer, which would include investigating a claim, arises from a contractual
5 agreement between the insured officer and/or his or her agency and the insurance carrier.  See,
6 e.g., Bodell v. Wallbrook Ins. Co., 119 F.3d 1411 (9th Cir. 1997).  Plaintiff makes no showing
7 that the insurance carrier is under a legal duty to provide services on his (plaintiff's) behalf at the
8 time he filed a grievance.[1]
9    Accordingly, IT IS HEREBY RECOMMENDED that defendant City of West
10 Sacramento's insurance carrier be dismissed as a separate and individually named defendant in
11 this action.
12 \\\\\
13 \\\\\
14 \\\\\
15 \\\\\
16 \\\\\
17 \\\\\
18 \\\\\
19 \\\\\
20 \\\\\
21 \\\\\

---

[1] Nor does plaintiff address how a private insurance carrier may be deemed a state actor in order for plaintiff to name such an entity as a defendant under 42 U.S.C. § 1983.  In order to state a claim under § 1983, a plaintiff must allege that:  (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).

2

1       These findings and recommendations are submitted to the United States District

2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

3 days after being served with these findings and recommendations, any party may file written

4 objections with the court and serve a copy on all parties.  Such a document should be captioned

5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6 shall be served and filed within ten days after service of the objections.  The parties are advised

7 that failure to file objections within the specified time may waive the right to appeal the District

8 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9 DATED: 6/28/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

12 GGH:009
toma2432.fsc